**COLUMBUS (City), Plaintiff, v. WATERS, Defendant.**

Common Pleas Court, Franklin County.

No. 188457. Decided October 20, 1954.

City Attorney, for appellee.
Milton L. Farber, Columbus, for appellant.

**OPINION**

By BARTLETT, J.

Appeal from a conviction in Municipal Court by a jury on charge of driving motor vehicle while intoxicated. Prose-

cution offered evidence that defendant after arrest and while in custody of police, refused to submit to a urinalysis test designed to determine amount of alcohol he had consumed, if any.

Thereafter in chief the state offered Lloyd M. Shupe, a police chemist, who testified he did not know defendant, had never examined a specimen of his urine or blood, and knew nothing of the facts at issue in the case. He was then permitted to testify as to the manner in which blood and urine tests are performed, by the examination of specimens thereof, the point at which intoxication may exist, and other facts in general pertaining to the testing of body fluids. At the close of his examination in chief, counsel for defendant moved to exclude the testimony of the witness from the jury, which motion was overruled. Thereupon counsel cross-examined this witness.

It is conceded by defense counsel that the refusal of defendant to submit to such test, is competent evidence, and does not violate the self-incrimination clauses of the Federal and State Constitutions, under the ruling of the Court of Appeals of this district. **State v. Nutt, 78 Oh Ap 336**, citing **State v. Gatton, 60 Oh Ap 192.**

Defense counsel confines his objection to the prejudicial effect of testimony of Mr. Shupe, the police chemist, as to how such tests are made, the purpose of such tests, and what they may disclose.

It would seem to be a very narrow view for the Court to admit evidence of such refusal to submit to the tests, and then exclude all testimony as to the purpose such tests are designed to serve, by showing the amount of alcohol present, the amount necessary to influence a person or persons, especially in a jury trial where naturally the average member of the jury would not be informed on such matters.

Expert testimony is admissible upon a matter regarding which there is not common knowledge, where the Court or jury may be aided or educated by the expert views and opinions of men experienced in some particular art, science, trade, or business. It must involve scientific knowledge or skill. **17 O. Jur. Evidence, Sec. 332, p. 423**; Ibid, Sec. 350, p. 445; such evidence may be pertinent thereto—Ibid, Sec. 132, p. 170; an important field of expert testimony is that relating to the diagnosis of the cause and effect of disease and kindred matters of medical practice, Ibid, Sec. 387, p. 485.

The appeal is dismissed, and the verdict of the jury and the judgment of the Municipal Court affirmed, at appellant's costs. Entry accordingly with exception by counsel for appellant.